UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jenifer Weber. | ) | Civil Action No.: 4:18-cv-00239-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Delilah Lewis, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for a ruling on Defendant Delilah Lewis's motion to compel arbitration and dismiss the action or, in the alternative, stay the action pending arbitration. *See* ECF No. 7. The Court denies the motion for the reasons herein.[1]

## Background

In her complaint, Plaintiff Jenifer Weber alleges she was injured in an automobile accident on May 20, 2016, when Defendant Delilah Lewis crashed into her vehicle on U.S. Highway 501 in Horry County, South Carolina. *See* ECF No. 1 at ¶¶ 5–7. Plaintiff is an Illinois citizen, and Defendant is a South Carolina citizen. *Id.* at ¶¶ 1–2. Plaintiff asserts two causes of action against Defendant Lewis: negligence and negligence per se. *Id.* at ¶¶ 8–14.

At the time of the accident, Plaintiff's parents maintained an insurance policy through Safeco Insurance Company of Illinois ("Safeco") providing underinsured motorist ("UIM") coverage.[2] *See* ECF No. 7-2 at pp. 51–56. The Safeco Policy contains an arbitration provision providing that "either party may make a written demand for arbitration" if Safeco and the insured do not agree to the amount

---

[1]  The Court decides the motion without a hearing pursuant to Local Civil Rule 7.08 (D.S.C.).

[2]  Plaintiff qualified for UIM coverage under the Safeco Policy as a family member. *See* ECF No. 7-2 at p. 52.

of damages and that "arbitration will take place in the county in which the insured lives." *Id.* at p. 56. Plaintiff also had additional UIM coverage available under a personal excess liability policy issued by Federal Insurance Company. *See* ECF No. 13 at p. 1.

After the accident, Defendant Lewis's liability insurer tendered its $25,000 liability limits in exchange for a covenant not to execute. *See* ECF No. 7-1. Plaintiff then submitted a claim to Safeco for UIM benefits demanding the policy limits of $250,000, but Plaintiff and Safeco were unable to settle the claim. ECF No. 13 at p. 3.

On January 30, 2018, Plaintiff filed the instant action against Defendant Lewis in this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. Pursuant to S.C. Code Ann. §§ 15–9–270 and 38–77–160, Plaintiff served the summons and complaint on Safeco and Federal. ECF No. 13 at p. 3. Pursuant to § 38–77–160,[3] counsel for Safeco filed a notice of appearance on February 21, 2018, and counsel for Federal filed a notice of appearance on March 30, 2018. *See* ECF No. 5.

On March 5, 2018, Defendant Lewis filed the instant motion, which is captioned "Defendant Delilah Lewis's, By and Through Safeco Insurance Company, Motion to Dismiss and Compel Arbitration Or, Alternatively, Stay Litigation Pending Arbitration." *See* ECF No. 7. Plaintiff filed a response in opposition to the motion, and Defendant Lewis filed a reply to Plaintiff's response. *See* ECF Nos. 13 & 19.[4]

**Discussion**

---

[3] Section 38–77–160 provides that "[t]he insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear." S.C. Code Ann. § 38–77–160.

[4] Federal did not respond to Defendant Lewis's motion, and it has filed an answer. *See* ECF No. 11.

As mentioned above, Safeco has appeared and is defending in the name of Defendant Delilah Lewis pursuant to S.C. Code Ann. § 38–77–160, and Defendant Lewis has filed the instant motion "by and through Safeco Insurance Company." ECF No. 7 at p. 1. The motion seeks to enforce the arbitration provision in the Safeco Policy providing UIM coverage and compel arbitration pursuant to the Federal Arbitration Act.[5]

Plaintiff contends arbitration cannot be compelled in this action for several reasons. Most significant is Plaintiff's argument that Defendant Delilah Lewis—the only named defendant in this action— cannot compel or enforce arbitration pursuant to the Safeco Policy because Defendant Lewis herself is not a party to that policy/contract (i.e., that Defendant Lewis has no standing to compel arbitration). ECF No. 9 at pp. 1–2, 9, 18. The Court agrees with this argument and will therefore deny Defendant Lewis's motion.[6]

"[C]ourts must rigorously enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation marks, citations, and brackets omitted). "As a general matter, arbitration is a matter of contract interpretation and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 626–27 (4th Cir. 2006) (internal quotation marks and brackets omitted).

"A number of courts have held that because the right to compel arbitration derives from a

---

[5] 9 U.S.C. § 1 *et seq.*

[6] In light of its ruling, the Court need not address Plaintiff's other arguments, including her assertion that she cannot be compelled to arbitrate because she is a nonparty beneficiary to the Safeco Policy.

3

contractual right, one who is not a party to the contract lacks standing to compel arbitration." *Goer v. Jasco Indus., Inc.*, 395 F. Supp. 2d 308, 312 (D.S.C. 2005). "It is well-established, however, that a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate." *Am. Bankers*, 453 F.3d at 627. "This happens when theories arising out of common law principles of contract and agency law are used to bind nonsignatories to arbitration agreements." *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 160 (4th Cir. 2004) (internal quotation marks omitted). Here, Defendant Lewis asserts Plaintiff should be equitably estopped from avoiding the Safeco Policy's arbitration provision.[7] *See* ECF No. 19 at pp. 4–5.

"[A] signatory to an arbitration agreement may be bound by a nonsignatory through the doctrine of equitable estoppel." *Brantley v. Republic Mortg. Ins. Co.*, 424 F.3d 392, 395 (4th Cir. 2005). "[E]quitable estoppel allows a nonsignatory to compel arbitration in two different circumstances": when a signatory to the agreement with the arbitration clause (1) "must rely on the terms of the written

---

[7] Plaintiff also argues ***she*** cannot be compelled to arbitrate because she (Plaintiff) is not a party to the Safeco Policy but merely a beneficiary. *See* ECF No. 13 at pp. 8–9. Defendant's equitable estoppel argument primarily focuses on this argument. *See* ECF No. 19 at pp. 4–6.
    As noted above, the Court is addressing Plaintiff's **separate** argument that ***Defendant Delilah Lewis*** (not Plaintiff) is a nonparty to the Safeco Policy. Defendant Lewis only briefly addresses this argument in a footnote in its reply, arguing that "just because the lawsuit is captioned against Lewis does not foreclose Safeco from appearing and defending its rights under the contract for insurance." ECF No. 19 at p. 5 n.2. Although Defendant Lewis appears to argue that S.C. Code Ann. § 38–77–160 should allow it to seek enforcement of the arbitration provision, Defendant Lewis has not cited any cases specifically supporting that argument. Moreover, the Court notes § 38–77–160 simply permits a UIM carrier such as Safeco to "appear and defend **in the *name of the underinsured motorist* in any action which may affect its liability**." S.C. Code Ann. § 38–77–160 (emphasis added). Safeco itself is not a party to this lawsuit; Defendant Lewis is not a party to the Safeco Policy containing the arbitration provision; and therefore enforcement of the arbitration provision is inappropriate in light of the procedural posture of this case.
    The Court also notes that Safeco is not a named party to this negligence action, has not filed a separate action seeking to enforce the arbitration provision, and has not provided any authority supporting the proposition that this Court could order arbitration simply because Safeco is a UIM carrier.

4

agreement in asserting its claims against the nonsignatory" or (2) "raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." *Id.* at 395–96 (internal quotation marks, brackets, and ellipsis omitted). "Because this legal test examines the nature of the signatory's underlying allegations against the nonsignatory, courts should examine the underlying complaint to determine whether estoppel should apply." *Am. Bankers*, 453 F.3d at 627. "[E]stoppel is appropriate if in substance the signatory's underlying complaint is based on the nonsignatory's alleged breach of the obligations and duties assigned to it in the [arbitration] agreement, regardless of the legal label assigned to the claim." *Id.* at 628 (internal quotation marks, original brackets, and citations omitted).

In this case, neither of the above two circumstances is present. First, Plaintiff is not relying on the terms of the Safeco Policy in asserting her claims of negligence and negligence per se against Defendant Delilah Lewis. Second, Plaintiff's complaint does not allege any collusion or misconduct by Defendant Lewis (a nonsignatory) and Safeco (a signatory). Plaintiff's negligence claims are based entirely on alleged conduct by Defendant Delilah Lewis, have nothing to do with the Safeco Policy (or the arbitration provision therein), and "would exist absent any contract at all." *Weckesser v. Knight Enterprises S.E., LLC*, 735 F. App'x 816, 823 (4th Cir. 2018); *see, e.g.*, *id.* at 822–24 (affirming the district court's decision not to apply equitable estoppel because the plaintiff's claims did "not depend on any provision" of the arbitration agreement); *Brantley*, 424 F.3d at 396 (affirming the district court's decision that equitable estoppel was inapplicable because "the plaintiffs' claim is based entirely on actions taken by . . . a nonsignatory to the arbitration agreement"). Thus, the Court cannot compel arbitration in the instant lawsuit through the use of equitable estoppel.

## Conclusion

5

For the foregoing reasons, the Court **DENIES** Defendant Delilah Lewis's motion [ECF No. 7].

**IT IS SO ORDERED.**


Florence, South Carolina                                                         s/ R. Bryan Harwell
November 9, 2018                                                                 R. Bryan Harwell
                                                                                 United States District Judge